IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| AMBER OAKES, on behalf of herself and others similarly situated, | ) ) |
| | ) CASE NO. |
| Plaintiff, | ) |
| | ) JUDGE |
| v. | ) |
| | ) **CLASS AND COLLECTIVE ACTION** |
| | ) **COMPLAINT** |
| | ) |
| AURIA SOLUTIONS USA INC. | ) **JURY DEMAND INCLUDED HEREON** |
| | ) |
| and | ) |
| | ) |
| AURIA FREMONT, LLC | ) |
| | ) |
| and | ) |
| | ) |
| AURIA HOLMESVILLE, LLC | ) |
| | ) |
| and | ) |
| | ) |
| AURIA SIDNEY, LLC | ) |
| | ) |
| | ) |
| Defendants. | ) |

Plaintiff Amber Oakes ("Representative Plaintiff") for her Complaint against Defendants Auria Solutions USA Inc., Auria Fremont, LLC, Auria Holmesville, LLC, and Auria Sidney, LLC alleges as follows:

**INTRODUCTION**

1. This case challenges Defendants policies and practices that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

2. Representative Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability prescribed [by the

1

FLSA] may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly-situated" persons who may join this case pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

3. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually related claims under Ohio wage-and-hour statutes (the "Ohio Class").

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Representative Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Representative Plaintiff's claims under Ohio law because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial District and Division pursuant to 28 U.S.C. §1391(b). A substantial part of the events or omissions giving rise to Representative Plaintiff's collective claims occurred here. This District and Division are the closest in Ohio to Auria Solutions USA Inc., which is the parent company of all other Defendants. Additionally, Defendant Auria Fremont, LLC is located in this District and Division and Auria Holmesville, LLC is located in this District. Accordingly, this District and Division is the most convenient.

## PARTIES

7. Representative Plaintiff is a resident of Ohio who was employed as a machine operator from September 2020 to December 8, 2021.

8. Within the last three (3) years, Plaintiff and those similarly situated were jointly

x

employed by Defendants within the meaning of the FLSA and the Ohio Wage Laws.

9. Defendant Auria Solutions USA Inc. is a for-profit corporation conducting substantial business in Ohio, and with a principal place of business in Southfield, Michigan.

10. Defendant Auria Fremont, LLC is a subsidiary of Defendant Auria Solutions USA Inc. with its principal place of business in Ohio.

11. Defendant Auria Holmesville, LLC is a subsidiary of Defendant Auria Solutions USA Inc. with its principal place of business in Ohio.

12. Defendant Auria Sidney, LLC is a subsidiary of Defendant Auria Solutions USA Inc. with its principal place of business in Ohio.

13. Representative Plaintiff was employed by Defendant in Holmesville, Ohio during all times relevant to this Complaint.

14. At all relevant times, Representative Plaintiff and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

15. At all relevant times, every Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and corresponding provisions of Ohio law including the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03.

16. At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

17. At all relevant times, Representative Plaintiff and those similarly situated were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

18. Representative Plaintiff's written consent to join this action is being filed pursuant

to 29 U.S.C. § 216(b) and is attached as **Exhibit A**.

## JOINT EMPLOYER ALLEGATIONS

19. At all relevant times, Defendants were, individually and jointly, employers within the meaning of 29 U.S.C. § 203(d) and Ohio Wage Laws.

20. Defendant Auria Solutions USA Inc. is and has been, jointly and individually, an "employer," as that term is defined by the FLSA and Ohio law, for the employees at Defendant Auria Fremont, LLC, Defendant Auria Holmesville, LLC, Defendant, and Auria Sidney, LLC (collectively referred to herein as the "Ohio Subsidiary Plants") named as Defendants in this action.

21. At all relevant times, the Ohio Subsidiary Plants and Defendant Auria Solutions USA Inc. have mutually benefitted from the work performed by Plaintiff and those similarly situated at the Ohio Subsidiary Plants.

22. At all relevant times, the Ohio Subsidiary Plants and Defendant Auria Solutions USA Inc. have not acted entirely independently of each other and have not been completely disassociated with respect to Plaintiff and those similarly situated at the Ohio Subsidiary Plants.

23. At all relevant times, the Ohio Subsidiary Plants and Defendant Auria Solutions USA Inc. shared the services of Plaintiff and those similarly situated at the Ohio Subsidiary Plants.

24. At all relevant times, the Ohio Subsidiary Plants and Defendant Auria Solutions USA Inc. acted directly or indirectly in the interest of each other in relation to Plaintiff and those similarly situated at the Ohio Subsidiary Plants.

## FACTUAL ALLEGATIONS

25. At all relevant times, Representative Plaintiff and other similarly situated employees were routinely required to work more than 40 hours per workweek.

26. Representative Plaintiff and all other similarly situated employees at the Ohio

Subsidiary Plants were scheduled for 8 hour and 10-minute shifts daily but were only paid for 8 hours of work each workday. Specifically, Representative plaintiff and other similarly situated employees at the Ohio Subsidiary Plants were reported to work 10 minutes early for a shift change over. During this time, they would learn what happened in the previous shift and otherwise perform their normal work duties.

27. Defendants' formal written policy entitled "Operating Hours" provides the following shift schedules:

| | | |
|---|---|---|
| 1st Shift | 6:50 a.m. – 3:00 p.m. | |
| 2nd Shift | 2:50 p.m. – 11:00 p.m. | |
| 3rd Shift | 10:50 p.m. – 7:00 a.m. | |

28. Defendants' failure to pay Representative Plaintiff and similarly situated employees at the Ohio Subsidiary Plants for the 10 minutes of work at the beginning of their shifts resulted in unpaid overtime in violation of the FLSA and Ohio law.

29. Defendants knowingly and willfully failed to pay Representative Plaintiff and other similarly situated employees at the Ohio Subsidiary Plants for the 10 minutes of work at the beginning of their shifts. Indeed, Defendants had an express written policy of not paying for such time.

**COLLECTIVE ACTION ALLEGATIONS**

30. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31. Representative Plaintiff brings this case as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and others similarly situated who have similar claims under the FLSA (the "FLSA Collective"). The FLSA Collective is defined as:

> **All current and former non-exempt hourly production employees employed by Defendants at the Auria Fremont, LLC, Auria Holmesville, LLC, or Auria Sydney, LLC locations in the three years preceding the date of filing of this Complaint to the present who worked 40 or more hours and who was scheduled to work a shift of eight hours and ten minutes or longer in any work week during this period of time.**

32. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt hourly employees at the Ohio Subsidiary Plants and all were subjected to and injured by Defendants' unlawful practice of failing to pay its non-exempt hourly production employees for the first 10 minutes of work each work day resulting in unpaid overtime. All have the same claims against Defendants for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

33. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

34. The persons similarly situated to Representative Plaintiff are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

## CLASS ACTION ALLEGATIONS

35. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

36. Representative Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and others similarly situated who have similar claims under the laws of the State of Ohio (the "Ohio Class"). The Ohio Class is defined as:

> **All current and former non-exempt hourly production employees employed by Defendants at the Auria Fremont, LLC, Auria Holmesville, LLC, or Auria Sydney, LLC locations in the two years preceding the date of filing of this**

**Complaint to the present who worked 40 or more hours and who was scheduled to work a shift of eight hours and ten minutes or longer in any work week during this period of time.**

37. The Ohio Class is so numerous that joinder of all class members is impracticable. The exact number of class members as well as their identities are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

38. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Did Defendants have a policy of failing to pay their production employees for the first 10 minutes of work performed each workday?
>
> Did Defendants fail to pay Representative Plaintiff and other Ohio Class members all the overtime pay they were owed?

39. Representative Plaintiff's claims are typical of the claims of other members of the Ohio Class. Representative Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

40. Representative Plaintiff will fairly and adequately protect the interests of the Ohio Class. Representative Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Representative Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and is fully qualified to prosecute the claims of the Ohio Class in this case.

41. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class, and predominate over any questions affecting only individual class members.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

43. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

44. Representative Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of herself and the FLSA Collective members who may join this case pursuant to 29 U.S.C. § 216(b).

45. The FLSA required that Defendants' non-exempt hourly production employees at the Ohio Subsidiary Plants receive overtime compensation when they worked in excess of 40 hours in a workweek.

46. As hourly non-exempt production employees at the Ohio Subsidiary Plants, Representative Plaintiff and the FLSA Collective members should have been paid overtime compensation at the rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a workweek.

47. Defendants failed to pay the required overtime compensation to Representative Plaintiff and the FLSA Collective Members.

48. At all relevant times, Defendant knew that it was required to pay Representative

Plaintiff and the FLSA Collective Members overtime compensation.

49. By engaging in that practice, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

50. As a result of Defendants' violations of the FLSA, Representative Plaintiff and the FLSA Collective Members were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. They are entitled to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). "The court … shall, in addition to any judgment awarded to the Plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the Defendant, and costs of the action." *Id*.

## COUNT TWO
### (Ohio Overtime Violations)

51. Representative Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

52. Representative Plaintiff brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code § 4111.03 on behalf of herself and the Ohio Class members for which certification is sought pursuant to Fed. R. Civ. P. 23.

53. Ohio Rev. Code § 4111.10(A) provides that Defendants, having violated § 4111.03, is "liable to the employee[s] affected for the full amount of the overtime wage rate…and for costs and reasonable attorney's fees as may be allowed by the court."

## PRAYER FOR RELIEF

**WHEREFORE,** Representative Plaintiff, and all similarly situated employees, collectively pray that this Honorable Court:

A.  Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to the FLSA Collective informing them of this action and enabling them to opt in;

B.  Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Representative Plaintiff and other members of the Ohio Class;

C.  Enter judgment against Defendant and in favor of Representative Plaintiff, the FLSA Collective and the Ohio Class;

D.  Award compensatory damages to Representative Plaintiff, the FLSA Collective, and the Ohio Class in the amount of their unpaid wages as well as liquidated damages in an equal amount to Representative Plaintiff and the FLSA Collective; and,

E.  Award Representative Plaintiff, the FLSA Collective, and the Ohio Class their costs and attorney's fees incurred in prosecuting this action.

Respectfully submitted,

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

Jeffrey J. Moyle (0084854)
1360 E. 9th Street, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: jmoyle@ohlaborlaw.com

*Counsel for Representative Plaintiff*

## JURY DEMAND

Representative Plaintiff hereby demands a trial by jury on all claims so triable.

/s/ *Hans A. Nilges*

*Counsel for Representative Plaintiff*