# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **AMBER OAKES**, on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiff, | ) CASE NO. 3:22-cv-00088 ) ) MAGISTRATE JUDGE |
| vs. | ) DARRELL A. CLAY ) |
| **AURIA HOLMESVILLE, LLC**, | ) ) |
| Defendant. | ) ) |

## JOINT MOTION FOR FINAL APPROVAL OF FLSA SETTLEMENT AND PRELIMINARY APPROVAL OF RULE 23 CLASS ACTION SETTLEMENT

Representative Plaintiff Amber Oakes ("Representative Plaintiff") and Defendant Auria Holmesville, LLC ("Defendant") (collectively, the "Parties") respectfully request that this Honorable Court:

1. Give final approval of the Parties' settlement of the collective claims brought pursuant to the Fair Labor Standards Act ("FLSA") as reflected in the Settlement Agreement, attached hereto as **Exhibit 1**;

2. Give preliminary approval of the Parties' settlement of the class action claims brought pursuant to Fed. R. Civ. P. 23(e), and approve the distribution of the Notice of Proposed Settlement of Class Action and Fairness Hearing ("Settlement Notice"), attached hereto as **Exhibit 2**;

3. Schedule a Fairness Hearing to take place approximately 90 days after granting preliminary approval of the Parties' class action settlement;

4. Designate Hans A. Nilges and Jeffrey J. Moyle of Nilges Draher LLC as Class Counsel, and preliminarily approve their request for attorneys' fees and costs; and

5. Preliminarily Approve the Service Award payment for Representative Plaintiff;

In support of this Motion, the Parties submit the attached memorandum and the following documents:

1

**Exhibit 1**:   Class Action Settlement Agreement and Release (the "Agreement");

**Exhibit 2**:   Proposed Notice of Settlement of Class Action;

**Exhibit 3**:   Declaration of Hans A. Nilges; and

**Exhibit 4**:   Proposed Order Granting Joint Motion for Final Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Action Settlement.

As explained in the attached Memorandum filed in Support of this Joint Motion, the Agreement was reached during arms-length negotiations between the Parties, including Mediation before third-party neutral Magistrate Judge Clay, and including substantial investigation, exchange of employee data and payroll information, and on the basis of mutual recognition of the strengths and weaknesses of each party's positions, and the risks and costs to each side of continued litigation.

Respectfully Submitted,

| | |
|---|---|
| **NILGES DRAHER LLC** | **EASTMAN & SMITH LTD** |
| */s/ Hans A. Nilges* | */s/ Lynn V. Luther (with permission)* |
| Hans A. Nilges (0076017) | Lynn Vuketich Luther (0075166) |
| 7034 Braucher Street, N.W., Suite B | Elizabeth L. Bolduc (0096901) |
| North Canton, OH 44720 | One SeaGate, 24th Floor |
| Telephone: (330) 470-4428 | P.O. Box 10032 |
| Facsimile: (330) 754-1430 | Toledo, OH 43699-0032 |
| Email: hans@ohlaborlaw.com | Telephone: (419) 241-6000 |
| | Facsimile: (419) 247-1777 |
| Jeffrey J. Moyle (0084854) | Email: LVLuther@eastmansmith.com |
| 1360 E. 9th St., Suite 808 | ELBolduc@eastmansmith.com |
| Cleveland, OH 44114 | |
| Telephone: (216) 230-2955 | *Counsel for Defendant* |
| Facsimile: (330) 754-1430 | |
| Email: jmoyle@ohlaborlaw.com | |
| | |
| *Counsel for Plaintiffs* | |

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

> */s/ Hans A. Nilges*
> *Counsel for Representative Plaintiff*

**MEMORANDUM IN SUPPORT**

I.     <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>.

On January 17, 2022, Representative Plaintiff filed this Action, alleging that Defendant violated the FLSA and Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay Plaintiff and other similarly situated employees all of their overtime pay. (*See* Declaration of Hans A. Nilges, attached as Exhibit 3 ("Nilges Dec."), at ¶ 8; ECF #1). Defendant denied Plaintiff's allegations, and denied that it violated the law. Defendant has consistently denied, and continues to deny, any liability or wrongdoing to Plaintiff or the Class throughout this case. (*Id.* at ¶ 9). On March 24, 2022, Representative Plaintiff filed an Amended Complaint (ECF#25).

After Defendant filed its Answer to Plaintiff's Amended Complaint (ECF #29), the Parties exchanged information about their respective positions and engaged in informal discussions of whether settlement of this case would be feasible. In furtherance of those discussions, the Parties stipulated to conditional certification of an FLSA Collective and Rule 23 Class defined as:

> All current and former non-exempt hourly production employees employed by Defendant in the three years preceding the date of the court's approval of the Stipulation to the present who worked 40 or more hours and who were scheduled to work a shift of eight hours and ten minutes or longer in any work week during this period of time.

(ECF #26).

After the close of the notice period, Defendant's counsel provided Plaintiff's counsel with time records and payroll data for purported Collective Members so that each side could evaluate their respective positions and formulate settlement proposals based on the data. Plaintiff's Counsel engaged a consultant to evaluate the records and create a mathematical damages model for the class, which Plaintiff's Counsel shared with Defense Counsel. (Nilges Dec. at ¶ 10).

On March 14, 2023, the Parties mediated this case with the assistance of the Court. After a lengthy mediation, during which time the Parties were able to exchange settlement proposals and

relevant information about their respective cases, the Parties reached an agreement to settle this case. (*Id.* at ¶ 11). As set forth in the attached **Exhibit 1**, the gross settlement amount is $130,000.00, which will cover: (a) all individual payments to class and collective members; (b) a service award to Representative Plaintiff for her services in bringing and prosecuting this Action; (c) Plaintiffs' Counsel's attorney fees and expenses; and (d) the cost of settlement administration, which will be split equally by the Parties.

The settlement class consists of 531 current and former non-exempt hourly employees of Defendant who met the class definition. (*Id.* at ¶ 12). Rule 23 Class Members will receive a monetary payment calculated as their pro rata share of the Net Settlement Amount based on the number of workweeks worked by the Class Member during the applicable time period in comparison to the total number of workweeks worked by all Class Members during that time period. (*Id.*). In exchange for these payments, Class Members will release all any and all claims against Defendant under the FLSA and any and all applicable state and local overtime laws, regulations, and ordinances up to the Effective Date of the Settlement Agreement, which is thirty-one days (31) days after the Court's Final Order and Judgment Entry approving the Settlement. (*Id.*).

## II. THE COURT SHOULD APPROVE THE FLSA SETTLEMENT

Settlement of claims made pursuant to § 216(b) of the FLSA are subject to approval by the Court. As explained below, Court approval is warranted.

### A. The Seven-Factor Standard Is Satisfied

The court presiding over the settlement of an FLSA collective action may approve a proposed settlement if it "find[s] that the settlement is fair, reasonable, and adequate." *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *5 (N.D. Ohio Mar. 26,

2019) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982)). Courts in the Sixth Circuit apply seven factors to evaluate collective action settlements:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 631 (6th Cir. 2007). "While these factors are helpful in guiding the analysis, the 'fairness of each settlement turns in large part on the bona fides of the parties' legal dispute,' that is, whether there are real issues and risks in the case that would lead each party to opt toward settlement." *Barnes*, 2019 U.S. Dist. LEXIS 65657 at *5. Application of these principles to this settlement demonstrates that approval is warranted.

### 1. No Indicia of Fraud or Collusion Exists

There is no indicia of fraud or collusion, and "[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary." *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 U.S. Dist. LEXIS 174414, at *4 (N.D. Ohio Oct. 10, 2018) (citation omitted). Here, the Agreement was achieved only after arms-length and good faith negotiations between the Parties, at mediation conducted by the Court. As such, there is no indicia of fraud or collusion, and this factor favors approval of the settlement.

### 2. The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular, are expensive and time-consuming. *See, Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *8 (S.D. Ohio Aug. 17, 2018) ("[m]ost class actions are inherently complex and settlement avoids the costs, delays, and multitude of other problems associated with

3

them") (citations omitted). Moreover, the Parties disagree over the merits of Plaintiff's claims, including whether the two-year limitations period for non-willful violations or three-year limitations period for willful violations applies, and whether Plaintiff and the class would be entitled to liquidated damages if they were to prevail on the merits. (Nilges Dec. at ¶ 14).

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling. The Settlement, on the other hand, provides substantial relief to the Settlement Class promptly and efficiently, and amplifies the benefits of that relief through the economies of class resolution. (*Id*.).

### 3. Investigation Was Sufficient to Allow the Parties to Act Intelligently

The Parties engaged in substantial investigation prior to negotiating the Settlement. Prior to filing the Action, Plaintiff's Counsel performed a significant amount of research and factual investigation of the claims to set forth a factually specific and accurate complaint for the Court and Defendant. After the case was filed, Plaintiff and Defendant engaged in numerous discussions regarding the merits of each side's respective positions. (Nilges Dec. at ¶ 15). Thus, the legal and factual issues in the case were thoroughly researched by counsel for the Parties, and all aspects of the dispute are well-understood by both sides. In addition, Defendant produced timekeeping and payroll records, and each Party had the opportunity to review and analyze those records. (*Id.* at ¶ 10). Consequently, not only were the factual and legal issues thoroughly investigated, the potential damages in this case were investigated as well.

### 4. The Risks of Litigation Favor Approval

Counsel for both sides believe in the merits of their clients' positions, while also recognizing that continued litigation will be uncertain in terms of duration, cost, and result. Moreover, in the present case, Defendant raises defenses to Plaintiff's claims, and the outcome of those defenses is uncertain as well. Accordingly, if this case is not settled, it is possible that the

4

Class would receive no compensation or, if they do receive compensation, it will be after protracted litigation, likely also involving appeals. By settling the case at this relatively early stage of the litigation, the Parties and Class Members bypass the inherent risks of litigation and achieve finality on this matter. This factor favors approval of the settlement.

### 5. Class Counsel and the Class Representative Favor Approval

Class Counsel is highly experienced in wage-and-hour collective and class actions, have acted in good faith, and have represented their clients' best interests in reaching the Settlement. Class Counsel support the Settlement as fair and reasonable, and in the best interest of the class as a whole, as described in the Declaration of Hans A. Nilges. "The recommendation of Class Counsel, skilled in class actions and corporate matters, that the Court should approve the Settlement is entitled to deference." *Wright v. Premier Courier, Inc.*, No. 2:16-cv-420, 2018 U.S. Dist. LEXIS 140019, at *11 (S.D. Ohio Aug. 17, 2018). Accordingly, this factor favors approval of the Settlement.

### 6. The Reaction of Absent Class Members

Class Counsel does not have any reason to believe that absent class members will have a negative reaction to the settlement of this case. However, if the Court approves the settlement, Class Members will receive notice of the settlement and be given the option to object if they believe that the settlement is not in their best interests. Accordingly, this factor does not necessarily weigh in favor of or against approval of the Agreement at this time, but can be revisited prior to final approval of the Settlement.

### 7. The Public Interest

As the Sixth Circuit recently noted in another case involving the approval of an FLSA settlement, "there is a strong public interest in encouraging settlement of complex litigation and class action suits because they are 'notoriously difficult and unpredictable' and settlement

5

conserves judicial resources." *Doe v. Déjà Vu Consulting, Inc.*, 925 F.3d 886, 899 (6th Cir. 2019) (quoting *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 530 (E.D. Mich. 2003)). Here, rather than face the risk and uncertainty of continued litigation, the Settlement confers immediate benefits on the Settlement Class, avoids the risks and expense of further litigation, and conserves judicial resources. Thus, the Court should find that this factor supports approval of the Settlement.

### B. The Settlement Distributions Are Fair, Reasonable and Adequate

As a part of the scrutiny it applies to an FLSA collective action settlement, the Court must "ensure that the distribution of the settlement proceeds is equitable." *Murton v. Measurecomp, LLC*, No. 1:07CV3127, 2009 U.S. Dist. LEXIS 144222, at *22 (N.D. Ohio Aug. 10, 2009). Here, all components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable and adequate for Plaintiff and the Class.

#### 1. The Individual Payments Are Reasonable and Adequate

The settlement compensates Class Members for alleged unpaid overtime wages on a proportional basis based on the number of workweeks each Settlement Class member worked during the period of January 17, 2019 and March 15, 2023. As such, each Class Member has the opportunity to obtain compensation for alleged unpaid wages that are proportional to the amount of time he or she was employed by Defendant within the period of time covered by the settlement.

#### 2. Plaintiff's Service Award Is Proper and Reasonable

The Settlement Agreement provides for a service award of $2,500.00 to Plaintiff, in addition to her individual payment. Courts routinely approve service awards to named plaintiffs in class and collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003). Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred

6

during the course of the class action litigation." *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *17 (N.D. Ohio Mar. 8, 2010).

Here, Plaintiff contributed significant time, effort, and detailed factual information enabling Plaintiff's counsel to evaluate the strength of this case, and reach a settlement of this matter that, in Counsel's opinion, fairly and adequately compensates the class for alleged unpaid wages. As such, the time and effort Plaintiff provided supports the requested service payments. (Nilges Dec. at ¶ 16).

### 3. The Attorney Fees to Plaintiff's' Counsel Are Proper and Reasonable

After the Court has confirmed that the terms of settlement are fair to the Settlement Class, it may review the Parties' agreement as to the provision of fees and costs to Plaintiff's Counsel. The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action." 29 U.S.C. § 216(b). In *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994), the Sixth Circuit held that the FLSA's mandatory attorney fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights." *Fegley*, 19 F.3d at 1134 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G&M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir.1984)).

Here, Plaintiff is requesting that the Court approve as reasonable attorneys' fees of **$43,333.33**, representing one-third of the settlement amount. "In FLSA collective actions in Ohio, courts have almost uniformly awarded attorney's fees that constituted one-third of the fund." *Carr v. Bob Evans Farms*, No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *10-11 (N.D. Ohio July 27, 2018); *see also, Osman v. Grube, Inc.*, No. 3:16-cv-00802, 2018 U.S. Dist. LEXIS 78222,

7

at \*6 (N.D. Ohio May 4, 2018) ("One-third of the common fund is a reasonable attorneys' fee award 'and has been approved in similar FLSA collective actions in this judicial district.'") (citation omitted).

This conclusion was recently reiterated in *Harsh v. Kalida Mfg.*, No. 3:18-cv-2239, 2021 U.S. Dist. LEXIS 175869, at \*20 (N.D. Ohio Sep. 13, 2021). In *Harsh*, the Court held that while a Court can utilize either the percentage-of-the-fund or the Lodestar approach to determine whether an award of attorneys' fees is reasonable, the percentage-of-the-fund approach is more appropriate in class and collective actions, as it "rewards counsel for success and penalizes it for failure." *Id.* at \*19-20. The Court further noted that the Lodestar method was more appropriate in wage and hour cases that "involve relatively small claims and therefore small amounts of damages in question," because "counsel for employees will inevitably be required to expend substantial resources and time, sometimes accruing fees several times greater than the value of damages in the case." *Id.* at \*20. In contrast, in cases involving a common settlement fund the Court found that it "sees no compelling reason, let alone any reason, to deviate from" a request for one-third of the fund. *Id.*

Further, Plaintiff's counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs and expenses. (Nilges Dec. at ¶ 17). "In doing so, Class Counsel assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award." *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at \*19 (S.D. Ohio Dec. 3, 2019); *see also, Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at \*15 (N.D. Ohio Mar. 26, 2019) ("Class Counsel provided representation on a purely

8

contingency fee basis, advancing all litigation costs and receiving no payment unless [and] until there was a recovery, and should be compensated for that risk").

Finally, Courts in this district acknowledge that "[w]age-and-hour collective and class actions are, by their very nature, complicated and time-consuming." *Barnes v. Winking Lizard, Inc.*, No. 1:18CV952, 2019 U.S. Dist. LEXIS 65657, at *16 (N.D. Ohio Mar. 26, 2019). Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the settlement fund appropriately compensates Plaintiff's counsel for their prosecution of this case, and advances the public's interests in rewarding attorneys who bring wage and hour cases. *See, e.g., Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011) ("society has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

### 4. The Court Should Authorize Reimbursement to Plaintiffs' Counsel of Their Out-of-Pocket Expenses Incurred In This Case

Plaintiff's counsel should also be reimbursed their out-of-pocket expenses and costs, which are $7,082.83. (Nilges Dec. at ¶ 18). "Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement." *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, at *20 (S.D. Ohio Nov. 25, 2019). In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class." *Id.; see also, Harsh*, 2021 U.S. Dist. LEXIS 175869 at *23 ("Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement").

**III. THE COURT SHOULD PRELIMINARILY APPROVE THE CLASS ACTION SETTLEMENT**

The proposed Class Action Settlement of Class Members' Ohio state law claims is subject to approval by the Court pursuant to Fed. R. Civ. P. 23(e). As shown below, the Court's preliminary approval is warranted.

**A. Preliminary Approval of the Settlement Under Rule 23(b) Is Warranted**

**1. Certification of the Settlement Class Is Appropriate**

A proposed settlement class must satisfy the requirements of Rule 23. *UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997)). The proposed Class satisfies those requirements.

The proposed class meets Rule 23(a)'s requirements of numerosity, commonality, typicality, and adequacy of representation. *See Senter v. General Motors Corp.*, 532 F.2d 511 (6th Cir.), *cert. denied*, 429 U.S. 870 (1976); *UAW v. General Motors Corp.,* 497 F.3d at 626. The Class, consisting of 531 members, is "so numerous that joinder of all members is impracticable." There is a common issue of law and fact presented by the Class Members' claim under the OMFWSA, *w*hether Defendant failed to pay Representative Plaintiff and the Class Members for all hours worked in excess of 40 per workweek. Representative Plaintiff is an adequate representative of the Class, in that she has common interests with other class members and she has vigorously prosecuted the interests of the class through qualified counsel. *Rutherford v. City of Cleveland*, 137 F.3d 905 (6th Cir. 1998).

The Class further satisfies Rule 23(b)(3)'s requirements of predominance and superiority. *Senter*, 532 F.2d at 522; *UAW v. General Motors Corp.,* 497 F.3d at 626. The unpaid overtime issues presented predominate over any individual questions. Class-wide resolution of this controversy is superior to the alternative of litigating dozens of individual lawsuits. *General Tel.*

*Co. v. Falcon*, 457 U.S. 147, 159 (1982) (class certification advances "the efficiency and economy of litigation which is a principal purpose of the procedure"); *Day v. NLO*, 851 F. Supp. 869, 883 (S.D. Ohio 1994) (of equal importance "are considerations of the avoidance of the inequality resulting from piecemeal litigation as well as a concern to provide access to the courts for litigants with limited resources and common claims").

### 2. The Class Notices Satisfy Rule 23 and Due Process

Rule 23(e) requires the Court to "direct notice in a reasonable manner to all class members who would be bound" by the settlement. *Bailey v. White*, 320 Fed. Appx. 364, 2009 WL 928595 (6th Cir. 2009). The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *UAW v. General Motors Corp.,* 497 F.3d 615, 626 (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314 (1950)).

Reasonable notice to class members is required by due process as well. *Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008) (citing *DeJulius v. New England Health Care Employees Pension Fund,* 429 F.3d 935, 943-44 (10th Cir.2005) (citing *Mullane,* 339 U.S. at 313; *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 173 (1974). Due process "does not, however, require *actual* notice to each party intended to be bound by the adjudication of a representative action." *Fidel v. Farley*, 534 F.3d 508 (6th Cir. 2008) (emphasis by the court) (citing *DeJulius,* 429 F.3d at 944 (citing *Mullane,* 339 U.S. at 313-14); *In re Integra Realty Res., Inc.,* 262 F.3d 1089, 1110-11 (10th Cir. 2001); *Silber v. Mabon,* 18 F.3d 1449, 1453-54 (9th Cir.1994))). The issue is not whether all class members received notice, "but whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised to the settlement." *Fidel*, 534 F.3d at 514 (quoting *Torrisi v. Tucson Elec. Power Co.,* 8 F.3d 1370, 1375 (9th Cir.1993)).

11

The "individual notice" requirement of Rule 23 and due process is fulfilled by sending written notice to class members by first-class mail at the addresses shown in the defendant's business records. *Grunin v. International House of Pancakes* (8th Cir. 1975), 513 F.2d 114, 120, *cert. denied* (1975), 423 U.S. 864 (1975) (citing *Eisen*, 417 U.S. at 172-77). The Eighth Circuit noted that, in *Eisen*, "the Supreme Court specifically held that individualized notice by mail to the last known address was the 'best notice practicable' in a class action." *Grunin*, 513 F.2d at 121.

In the present case, the proposed notice to the Class Members satisfies these requirements. Under the terms of the Settlement Agreement and the proposed Preliminary Order, the notice will be sent to the Class Members by first-class mail using the addresses shown in Defendant's records. The notice also gives Class Members detailed information on how to object to the settlement. Accordingly, the Class Notice satisfies Rule 23 and due process requirements.

### B. Approval of the Settlement Under Rule 23(e) Is Warranted

Under Rule 23(e), a class settlement must be "fair, reasonable, and adequate" under a seven-factor standard discussed below. *UAW v. General Motors Corp.,* 497 F.3d 615, 626 (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)). The Sixth Circuit has recognized that "the law generally favors and encourages the settlement of class actions." *Franks v. Kroger Co.*, 649 F.2d 1216, 1224 (6th Cir. 1981). Therefore, when considering the below factors, the courts apply a "strong presumption" in favor of finding a settlement to be fair. *Dail v. George A. Arab, Inc.,* 391 F. Supp. 2d 1142, 1145-46 (M.D. Fla. 2005) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). *Accord, Sweet v. General Tire & Rubber Co.*, 1982 WL 278, *5 (N.D. Ohio Mar. 17, 1982).

#### 1. The Seven-Factor Standard Is Satisfied

The Sixth Circuit uses the same seven factors to evaluate class action settlements as it does to evaluate FLSA collective action settlements:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992); *Williams v. Vukovich,* 720 F.2d 909, 922-23 (6th Cir.1983)), *quoted in Crawford*, 2008 WL 4724499 at *3. As discussed in detail above, the seven-factor standard supports approval of the Settlement.

On the basis of these factors, as well as all of the other factors discussed above, the Court should conclude that the Settlement is fair, reasonable, and adequate, and grant preliminary and later final approval under Rule 23(e).

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Parties respectfully request that this Court enter the Proposed Order, attached to hereto as **Exhibit 4**:

1. Giving final approval of the Parties' settlement of the collective claims brought pursuant to the Fair Labor Standards Act as reflected in the Settlement Agreement, attached hereto as Exhibit 1;

2. Giving preliminary approval of the Parties' settlement of the class action claims brought pursuant to Fed. R. Civ. P. 23(e), and approve the distribution of the Notice of Proposed Settlement of Class Action and Fairness Hearing;

3. Scheduling a Fairness Hearing to take place approximately 90 days after granting preliminary approval of the Parties' class action settlement;

4. Designating Hans A. Nilges and Jeffrey J. Moyle of Nilges Draher LLC as Class Counsel, and preliminarily approving their request for attorneys' fees and costs; and

5. Preliminarily approving the service payment for Plaintiff Amber Oakes;

Respectfully Submitted,

| **NILGES DRAHER LLC** | **EASTMAN & SMITH LTD** |
|---|---|
| */s/ Hans A. Nilges* | */s/ Lynn V. Luther (with permission)* |
| Hans A. Nilges (0076017) | Lynn Vuketich Luther (0075166) |
| 7034 Braucher Street, N.W., Suite B | Elizabeth L. Bolduc (0096901) |
| North Canton, OH 44720 | One SeaGate, 24th Floor |
| Telephone: (330) 470-4428 | P.O. Box 10032 |
| Facsimile: (330) 754-1430 | Toledo, OH 43699-0032 |
| Email: hans@ohlaborlaw.com | Telephone: (419) 241-6000 |
|  | Facsimile: (419) 247-1777 |
| Jeffrey J. Moyle (0084854) | Email: LVLuther@eastmansmith.com |
| 1360 E. 9th St., Suite 808 | ELBolduc@eastmansmith.com |
| Cleveland, OH 44114 |  |
| Telephone: (216) 230-2955 | *Counsel for Defendant* |
| Facsimile: (330) 754-1430 |  |
| Email: jmoyle@ohlaborlaw.com |  |

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 27, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)

*Counsel for Representative Plaintiff*