**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **AMBER OAKES**, on behalf of herself and others similarly situated, | ) ) | CASE NO. 3:22-cv-00088 |
| Plaintiff, | ) ) ) | MAGISTRATE JUDGE DARRELL A. CLAY |
| vs. | ) ) | **JOINT MOTION FOR FINAL** |
| **AURIA HOLMESVILLE, LLC**, | ) ) | **APPROVAL OF CLASS ACTION** |
| Defendant. | ) ) | **SETTLEMENT** |

I.      **INTRODUCTION**

Plaintiff Amber Oakes ("Representative Plaintiff"), on behalf of herself and the members of the proposed settlement class ("Class Members"), and Auria Holmesville, LLC ("Auria" or "Defendant"), respectfully move this Court to grant final approval of the Class Action Settlement Agreement ("Agreement") between Representative Plaintiff and Defendant pursuant to Fed. R. Civ. P. 23(e).

Notice of the proposed settlement in this case has been sent to the class and this settlement is ripe for final approval.  Therefore, the Parties respectfully request that after the Fairness Hearing scheduled for July 28, 2023, the Court enter an Order:

1.      Granting final approval of the Parties' Settlement Agreement and Release;

2.      Granting final approval of a payment to Class Counsel of $43,333.33 in attorney's fees (representing one-third of the Global Settlement Fund) and $7,082.83 in litigation expenses;

3.      Granting final approval of a Service Award to Representative Plaintiff in the amount of $2,500; and

4.      Dismissing this case with prejudice.

1

A proposed Order and Judgment Entry is attached as Exhibit 1. The reasons for this Motion are as follows:

II.     **RELEVANT PROCEDURAL HISTORY**

On January 17, 2022, Representative Plaintiff filed this class and collective action lawsuit under the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFSWA"). (Doc. No. 1). In the Action, Representative Plaintiff alleged that she and other similarly situated employees were not properly paid for all hours worked.  Defendant denied, and continues to deny, Plaintiff's material allegations, and denied that it violated the law.

The parties reached an agreement to settle this case at mediation on March 14, 2023, and on April 28, 2023, the Court granted preliminary approval of the Class Action Settlement pursuant to Fed. R. Civ. P. 23(e), set a fairness hearing for July 28, 2023, approved the Notice of Settlement to class members, and directed the Parties to send the Notice to all Class Members informing them of the pendency of this action, the proposed Settlement, and the date of the Fairness Hearing.

The Parties engaged Analytics Consulting, LLC as the Settlement Administrator. (*See* Declaration of Jeffrey J. Mitchell (hereinafter "Mitchell Dec.") attached as Exhibit 2, at ¶ 5). The Settlement Administrator received a list containing the names and last-known mailing addresses for 655 Class Members. (*Id.* at ¶ 6).  On June 27, 2023, Analytics mailed by first-class mail the Court-approved "Notice of Proposed Settlement of Class Action and Fairness Hearing" to all Class Members. (*Id.* at ¶ 8).  A total of nine notices were returned as undeliverable. The Settlement Administrator was able to trace and re-mail notices to five of those class members. (*Id.* at ¶ 11).

The Notice gave Class Members until July 13, 2023 to object to or opt out of the settlement. No class member has filed any objection to the settlement, and only one class member opted out of the settlement. (*Id.* at ¶¶ 12-13). Having completed the notice process, the Parties now move

this Court for final approval of the Settlement of Ohio law Class Action claims pursuant to Fed. R. Civ. P. 23(e).

### III.   LAW AND ANALYSIS

#### A.   The Standard For Approval Of A Class Action Settlement.

A class action settlement may be approved if a Court finds it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). When determining whether a class action settlement is fair, reasonable, and adequate, Courts consider: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *UAW v. General Motors Corp.,* 497 F.3d 615, 626 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir.1992).

#### B.   The Standard For Final Approval of a Class Action Has Been Met.

In the Parties' Joint Motion for Preliminary Approval, filed on April 27, 2023, the Parties analyzed the Settlement in this case under each of the relevant factors. (See Doc. No. 45 at pp. 10-16136).  The arguments set forth in the Motion for Preliminary Approval also apply here, and demonstrate why the Settlement should be granted final approved.

In addition, the results of the notice process weigh strongly in favor of approval.  Out of 655 notices that were mailed, no class members objected to the Settlement and only one class member opted out of the settlement. This factor weighs strongly in favor of approval.

In sum, the Settlement confers substantial benefits on Class Members, eliminates any risk of loss should this case continue to be litigated, was negotiated on an arm's length basis, and is in the best interest of the Class. Accordingly, for the reasons addressed herein and in the Motion for

Preliminary Approval, the Parties respectfully request that the Court grant final approval of this Settlement and enter the proposed Final Order and Judgment Entry attached as Exhibit 1.

### C.     The Court Should Approve The Payment of Attorneys' Fees and Costs to Class Counsel.

For the reasons set forth in the Joint Motion for Preliminary Approval, the Court should also grant final approval of the award of attorneys' fees to Class Counsel in the amount of $43,333.33, representing one-third of the settlement fund.  As noted in the Joint Motion for Preliminary Approval, a one-third fee is "typical for attorney's fees in a common fund" for wage and hour litigation in this District. *Hebert v. Chesapeake Operating, Inc.*, 2019 WL 4574509, at *4-8 (S.D. Ohio Sept. 20, 2019); see also, *Carr v. Bob Evans Farms*, No. 1:17-CV-1875, 2018 U.S. Dist. LEXIS 228221, at *10-11 (N.D. Ohio July 27, 2018) ("courts have almost uniformly awarded attorney's fees that constituted one-third of the fund" in wage-and-hour cases). Accordingly, Class Counsel respectfully requests that the Court find that attorneys' fees in the amount of one-third of the settlement fund is reasonable in this case.

Class Counsel also requests that the Court approve reimbursement of $7,082.83 in litigation expenses, as these were incurred in the prosecution of claims and in obtaining settlement. *See, e.g., Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 U.S. Dist. LEXIS 210868, at *32 (S.D. Ohio Sep. 25, 2020) ("Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement").

### D.     The Court Should Approve The Service Award For Representative Plaintiff

Finally, the Parties request that the Court approve a payment of $2,500 to Representative Plaintiff. Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation." *Dillworth v. Case Farms*

4

*Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *17 (N.D. Ohio Mar. 8, 2010). Representative Plaintiff contributed significant time, effort, and detailed factual information enabling Plaintiff's counsel to evaluate the strength of this case, and reach a settlement of this matter that, in Counsel's opinion, fairly and adequately compensates the class for alleged unpaid wages. As such, the time and efforts Plaintiff provided supports the requested service payments.

IV.    **CONCLUSION**

For the foregoing reasons, the Parties respectfully request that this Court enter the Proposed Order, attached as Exhibit 1:

1.    Granting final approval of the Parties' Settlement Agreement and Release;

2.    Granting final approval of a payment to Class Counsel of $43,333.33 in attorney's fees (representing one-third of the Global Settlement Fund) and $7,082.83 in litigation expenses;

3.    Granting final approval of a Service Award to Representative Plaintiff in the amount of $2,500; and

4.    Dismissing this case with prejudice.

Respectfully Submitted,

**NILGES DRAHER LLC**

*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
7034 Braucher Street, N.W., Suite B
North Canton, OH 44720
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com

Jeffrey J. Moyle (0084854)
1360 E. 9th St., Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
Email: jmoyle@ohlaborlaw.com

*Counsel for Representative Plaintiff*

**EASTMAN & SMITH LTD**

*/s/ Lynn V. Luther (with permission)*
Lynn Vuketich Luther (0075166)
Elizabeth L. Bolduc (0096901)
One SeaGate, 24th Floor
P.O. Box 10032
Toledo, OH 43699-0032
Telephone: (419) 241-6000
Facsimile: (419) 247-1777
Email: LVLuther@eastmansmith.com
        ELBolduc@eastmansmith.com

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 14, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Hans A. Nilges*
Counsel for Representative Plaintiff