**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| AMBER OAKES, on behalf of herself and other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AURIA HOLMESVILLE, LLC,<br><br>Defendant. | CASE NO. 3:22-cv-00088-DAC<br><br>MAGISTRATE JUDGE DARRELL A. CLAY<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT PURSUANT TO FED. R. CIV. P. 23(e)** |

Plaintiff Amber Oakes ("Representative Plaintiff"), on behalf of herself and the members of the proposed settlement class ("Class Members"), and Auria Holmesville, LLC ("Auria" or "Defendant"), have moved for final approval of the Class Action Settlement Agreement ("Agreement") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure 23(e). Following the parties' decision to consent to my jurisdiction (ECF #42), I granted preliminary approval of the Settlement Agreement on April 28, 2023, and conducted a fairness hearing on July 28, 2023.

Having reviewed the Agreement (ECF #45-1), as well as the Parties' Joint Motion for Final Approval (ECF #47), the Declaration of Jeffrey J. Mitchell appended thereto (ECF #47-2), and the other pleadings and papers on file in this action, and for good cause established therein, I hereby enter this Order **GRANTING** final approval of the Parties' Agreement as follows:

1. On January 17, 2022, Representative Plaintiff filed this Class and Collective Action Complaint (ECF #1) on behalf of herself and others similarly situated. In her Complaint, Representative Plaintiff alleged that Defendant violated the Fair Labor Standards Act and the Ohio Minimum Fair Wage Standards Act by failing to pay Representative Plaintiff and the Class Members for all hours worked, resulting in unpaid overtime. Representative Plaintiff filed a First Amended Complaint on March 24, 2022. (ECF #25).

2. In its Answer to the First Amended Complaint (ECF #29), Defendant denied that it had failed to compensate its employees for all hours worked, denied all alleged violations of law, and asserted affirmative defenses to same.

3. The parties engaged in arms-length settlement negotiations with me on March 14, 2023 that were well-informed by a damages analysis and a statistical expected valuation analysis. The settlement negotiations ultimately culminated in a proposed agreement to settle the case on a class-wide basis.

4. The parties jointly moved for preliminary approval of the Agreement on April 27, 2023 (ECF #45), which I granted on April 28, 2023 (ECF #46). I further ordered that Notice of Class Action Settlement be distributed to the members of the class.

5. The parties have filed a Declaration from the Settlement Administrator (ECF #47-2) verifying that notices were distributed in the approved form and manner. One prospective class member was excluded from the class. No objections to the Agreement have been filed with this Court.

6. I find that the members of the class were given adequate notice of the pendency of this action, the proposed settlement, and the date of the fairness hearing, as ordered. I further find that the notice was reasonable and the best notice practicable and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. No Class Members appeared at the fairness hearing to raise any concerns that the settlement was not fair, adequate, and reasonable.

7. I find the proposed settlement satisfies the standard for final approval of a class action settlement under Rule 23. The proposed settlement class satisfies Rule 23(a)'s requirements of commonality, numerosity, typicality, and adequacy of representation, as well as Rule 23(b)'s requirements of predominance and superiority. Representative Plaintiff is an adequate representative of the class in that she is a member of the class and possesses the same interests and suffered the same injuries as the other Class Members. The definition of the class encompasses persons with like factual circumstances and like claims. The settlement payments made available to the members of the class are commensurate with their alleged claims. I thus find that the proposed settlement is fair, reasonable, and adequate as to the class, and qualifies for final approval under Rule 23(e).

8. Accordingly, I hereby approve the Agreement and order that it be implemented according to its terms and conditions.

9. I order that the Global Settlement Fund in the amount of One Hundred Thirty Thousand Dollars and 00/100 Dollars ($130,000.00) be paid by Defendant and distributed in the manner described in the Agreement.

10. I approve the Service Award to Representative Plaintiff, and order that such payment be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

11. I approve the payment of attorneys' fees and costs, and settlement administration costs, as provided in the Settlement Agreement, and order that such payments be made in the manner, and upon the terms and conditions, set forth in the Settlement Agreement.

12. Representative Plaintiff and the Class Members release claims against Defendant as provided in the Settlement Agreement.

13. This action is dismissed with prejudice. The parties are to bear their respective attorneys' fees and costs except as provided in the Settlement Agreement. The Court retains jurisdiction over this action for the purpose of interpreting or enforcing the Settlement Agreement.

14. There being no just reason to delay entry of this Final Order, I direct the Clerk of the Court to enter this Final Order immediately, along with Entry of Judgment thereon.

**IT IS SO ORDERED.**

Dated: July 28, 2023

---

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

3